UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
_____

In Re:
    RODNEY R. MANK and                 Chapter 12
    LINDA J. MANK                          Case Number 13-21094

                              Debtors
_____

        RODNEY R. MANK and LINDA J. MANK, by their attorney, William C. Rieth, Esq., in opposition to the motion of American Tax Funding, LLC ("ATF") seeking relief from the automatic stay to foreclose both the Manks's home and their farm, respectfully show this Court as follows:

    1. ATF's motion is premised upon both factual and legal error.

    2. The factual error is stated in paragraph 4 of the June 14, 2016 affidavit of ATF's Tadgh Macauley:

> "In 2007, ATF purchased from the City of Rochester…certain duly levied real property tax liens encumbering (both the Mank's home and their farm)".

    3. Had ATF in fact purchased tax liens from the City of Rochester ATF's motion might have support in law: unpaid property taxes owed to the City of Rochester after 2007 would have lien priority over liens previously purchased by ATF.

    4. As it is, the Mank's home and farm are located outside the City of Rochester. If in fact ATF "purchased from the City of Rochester" anything related to the Mank's home and farm, ATF should inquire of the City of Rochester regarding its refund policy.

    5. ATF's factual error – that the Mank's farm and home are located in the City of Rochester – leads ATF to its erroneous legal conclusion and present motion.

    6. ATF on its erroneous assertion of "fact" urges the Court to erroneously find in law that accumulated post-petition Monroe County property taxes on the Mank's farm and home somehow come before, have priority over, and impair and ATF's inviolate first lien position.

7. Upon its erroneous factual and legal assertion ATF here asks the Court to find cause to allow ATF to foreclose junior liens (those of the County of Monroe, the lien of an historically helpful private mortgagee, and the subordinate mortgage lien of the USDA) and to send the Manks packing.

8. The accumulation of post petition property taxes is a matter of great concern and is being addressed as best can be.

9. The accumulation of post petition property taxes is nothing that should concern AFT, is nothing that impairs ATF's first lien position, and is nothing to give cause for the Court to find that the interests and future hope of others should be obliterated at the mistaken behest of AFT.

WHEREFORE, it is respectfully requested that the motion of ATF be denied.

Dated: Rochester, New York
July 11, 2016

/s/ *William C. Rieth*
WILLIAM C. RIETH, ESQ.
Attorney for Debtors
16 West Main Street, Suite 736
Rochester, New York 14614
(585) 232-6520